## BIRMINGHAM POST CO. v. NATIONAL LABOR RELATIONS BOARD.

No. 10705.

Circuit Court of Appeals, Fifth Circuit.

Feb. 8, 1944.

Thomas J. Edwards, of Cleveland, Ohio, and Benjamin Leader, of Birmingham, Ala., for petitioner.

Robert B. Watts, General Counsel, N. L.R.B., Ernest A. Gross, Associate Gen. Counsel, N.L.R.B., and Fannie M. Boyls, Atty., N.L.R.B., all of Washington, D. C., for respondent.

Before HUTCHESON, McCORD, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Insisting that the Board's order [1] is without support in the evidence, petitioner seeks a decree setting it aside and denying enforcement. The Board, equally insistent that the findings and order are well supported, asks a decree of enforcement. Petitioner's objections to the findings come down to this; that they are based upon activities of one McCluskey, petitioner's city editor, and one Laney, the foreman of the mailing room; that (1) the activities of these men could not be fairly said to have constituted either support of, or interference with, the formation or management of the association sought to be company dominated, and (2) if they did, they could not be imputed to, or charged against petitioner as its acts.

Assuming, as petitioner does, that no other employees of petitioner were concerned in the unfair labor practices found by the Board, it is sufficient, without setting the evidence out, to say of it that it amply supports the Board's conclusions that these two were active in endeavoring to break the strike and the influence of the guild; and in giving support to Alabama News Employees, Inc.; and that their acts in doing so are, under the statute, 29 U.S.C.A. § 151 et seq., imputable to the petitioner as unfair labor practices. The authorities petitioner cites as relieving it of responsibility under the statute for the acts of these two do not support its claim. The law is well settled that under circumstances like those shown here, an employer is accountable for unfair practices resulting from the activities of his supervisory employees not only when the proof shows direct authorization but whenever the circumstances are such that the employees would have just cause to

---

[1] Based upon findings that the petitioner had committed unfair labor practices in supporting and interfering with the formation and administration of the Alabama News Employees, Inc., and in connection with its activities in a back-to-work movement in prolonging a strike, the order was: that petitioner cease and desist from dominating and interfering with the administration of Alabama News Employees, Inc., or with the formation or administration of any other labor organization, and from in any other manner interfering with, restraining or coercing its employees in the exercise of their right to self-organization; and take affirmative action (1) withdrawing all recognition from Alabama News Employees, Inc., and completely disestablishing it as representative of its employees, and (2) to make whole any of its employees, who went on strike, for any loss suffered by unfair labor practices in prolonging it.

640

believe that the supervisors were acting for and on behalf of the management.[2] It is firmly established that petitioner's duty under the act is not to give mere lip service to it with proclamations and instructions, but to use its authority to make its policy effective, and that if proscribed practices are carried on by supervisory employees so that the employer gains any advantage or the employees are put at a disadvantage in respect of the matter covered by the act, it is within the power of the Board to prevent repetition of such activities and to remove their consequences upon the employees' rights of self-organization, as fully where they are not as where they are employer directed. Contrary to petitioner's contention, the controlling consideration in a case of this kind is not moral culpability of the employer, nor is it one of conventional representation of the master by the employee. It is whether employees have been subjected to prohibited compulsions flowing from the employer's economic power which the employer could and should have prevented the use of.[3] The petition to set aside is denied. The Board's petition to enforce is granted.

[2] International Association of Machinists v. N. L. R. B., 311 U.S. 72, 61 S.Ct. 83, 85 L.Ed. 50; Heinz Co. v. N. L. R. B., 311 U.S. 514, 61 S.Ct. 320, 85 L.Ed. 309; Solvay-Process Co. v. N. L. R. B., 5 Cir., 117 F.2d 83; N. L. R. B. v. Schaefer-Hitchcock Co., 9 Cir., 131 F.2d 1004.

[3] Swift & Co. v. N. L. R. B., 10 Cir., 106 F.2d 87; F. W. Woolworth Co. v. N. L. R. B., 2 Cir., 121 F.2d 658; Sperry Gyroscope Co. v. N. L. R. B., 2 Cir., 129 F.2d 922.